**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| ANGEL RIOS-ROSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:23-CV-194 SNLJ |
| | ) |
| TYLER WOMACK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Angel Rios-Rosa, for leave to commence this civil action in forma pauperis, or without prepayment of the filing fee. [ECF No. 2.] While incarcerated, plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and dismiss plaintiff's complaint without prejudice, subject to refiling as a fully paid complaint. *See* 28 U.S.C. § 1915(g).

### The Complaint

Plaintiff brings this 42 U.S.C. § 1983 action against Sergeant Tyler Womack, a Correctional Officer at Southeast Correctional Center (SECC) in Charleston, Missouri, where he is currently incarcerated. Plaintiff alleges that on March 31, 2023, he was pepper sprayed by Sergeant Womack when he purportedly failed to remove his hands from the food port and thus, Womack could not get the food port to close for safety reasons. Additionally, plaintiff complains that on October 11, 2023, Sergeant Womack came to his cell and asked him to "cuff up;" however, plaintiff ignored the request and began packing his belonging instead. Plaintiff states that because

of ignoring Womack's order to "cuff up," plaintiff was again pepper sprayed by Sergeant Womack Additionally, Womack gave the officers who were escorting plaintiff a directive to rush him to 2 House, which caused the shackles to bruise his ankles. Plaintiff also purports that Womack failed to allow him to immediately wash the mace out of his eyes. He does not explain when he was able to wash his eyes.

## Legal Standard

Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain in forma pauperis status is limited if he or she has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001). Prisoners who have three strikes must prepay the entire filing fee in order for their case to proceed. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

But, pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins*, 258 F.3d at 800. This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id*. A plaintiff must plead "specific fact allegations of ongoing serious

2

physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury" – conclusory assertions of ongoing danger are insufficient. *Martin*, 319 F.3d at 1050.

## Discussion

Plaintiff here, a prisoner and frequent filer of frivolous lawsuits,[1] is subject to 28 U.S.C. § 1915(g). Based on a review of cases filed by plaintiff in this Court, plaintiff had accumulated more than three strikes by the time he filed this action.[2] Plaintiff should be aware of his status as a three-striker, as he has already had cases in this Court and in the Western District of Missouri dismissed due to the three strikes rule. As such, under 28 U.S.C. § 1915(g), Plaintiff is not allowed to proceed in forma pauperis in this matter unless the "imminent danger" exception is applicable. 28 U.S.C. § 1915(g).

Based on the allegations of the complaint, plaintiff does not assert that he is currently in imminent danger of serious physical injury. Moreover, nothing in the complaint constitutes imminent danger of serious physical injury at the time of case filing. Plaintiff's allegations relate to two past altercations with Sergeant Womack which occurred in March and early October 2023. Although he believes that Womack's actions were retaliatory, he admits in his complaint that he failed to follow Womack's directives each time he was maced.

The complaint contains no allegations of ongoing injury by the defendant. Nor does it allege that plaintiff suffered any long-lasting detrimental effects from defendant's actions. Plaintiff has thus failed to demonstrate any exceptions to the three-strikes provisions to § 1915(g).

---

[1] This is plaintiff's twelfth civil lawsuit in this Court. Plaintiff has filed additional lawsuits in the United States District Court for the Western District of Missouri.

[2] *See Rios-Rosa v. Reed*, No. 1:23-CV-00085 SNLJ (E.D.Mo.); *Rios-Rosa v. Armstrong*, No. 1:23-CV-00118 (E.D.Mo.); *Rios-Rosa v. Christenson*, et al., No. 1:22-CV-145 SNLJ (E.D.Mo.).

Therefore, the Court will deny plaintiff's motion to proceed in forma pauperis and will dismiss this action, without prejudice, subject to plaintiff refiling as a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice, subject to plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 1st day of November, 2023.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE